UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
District Court File No. 15-mj-312(2) (BRT)

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | **ORDER OF DETENTION** |
| ) | |
| v. ) | |
| ) | |
| ADNAN ABDIHAMID FARAH, ) | |
| ) | |
| Defendant. ) | |

This matter came before the Court on Thursday, April 23, 2015 for a preliminary and detention hearing. The United States was represented by Assistant U.S. Attorneys John Docherty and Charles J. Kovats, Jr. The defendant was present and represented by Paul Engh, Esq. The government called Special Agent Harry Samit of the Federal Bureau of Investigation as a witness. The issue of detention was also the subject of proffers presented by both the government and the defendant.

The defendant is charged in Count One of a criminal complaint with Conspiring to Provide Material Support to a Designated Foreign Terrorist Organization (the Islamic State in Iraq and the Levant, or "ISIL") in violation of Title 18, United States Code, Section 2339B(a)(1). The Court found probable cause existed to bind the matter over to District Court for further proceedings.

At the hearing, the Court had a report from United States Probation and Pretrial Services recommending the defendant be detained pending trial both because the defendant presented a risk of flight, and because the defendant posed a danger to the community. After consideration of the report, the evidence introduced at the April 23,

1

2015 hearing, the arguments of counsel, and the entire record of this case, the Court finds by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of any person or the community if the defendant is released pending trial. The Court also finds by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the defendant's appearance at future court appearances if he is released pending trial. The Court therefore grants the government's motion for detention.

## FINDINGS OF FACT

1. The defendant is presently charged in Count One of a criminal complaint with Conspiring to Provide Material Support to a Designated Foreign Terrorist Organization, ISIL.

2. The facts alleged in the complaint and testified to by Special Agent Samit include that: (a) the defendant, in a conversation in May 2014, with a person identified in the Complaint as "Witness 1" (a relative of Abdi Nur, who left Minneapolis, Minnesota for Istanbul, Turkey on May 29, 2014, and whose social media shows he then crossed into Syria where he joined, and continues to fight with, ISIL), demonstrated knowledge of the way in which young men leaving Minnesota for Syria receive travel money and airplane tickets; (b) the defendant participated with others in planning to travel to San Diego, California where he would buy a forged passport, cross the U.S. – Mexican border, and make his way to Syria from Mexico; (c) the defendant provided a passport photograph for use in preparing a fake passport; (d) the defendant provided a $100 cash down payment for the production of a fake passport; and (e) the defendant dropped

himself from the automobile trip to San Diego and spoke of an alternate plan to get to Syria.

## CONCLUSIONS OF LAW

Based on these facts, the Court draws the following Conclusions of Law:

1.  The single charge in the complaint against the defendant, Conspiring to Provide Material Support to a Designated Foreign Terrorist Organization (ISIL), is supported by probable cause.

2.  In this case, the defendant is charged with violating Title 18, United States Code, 2339B(a)(1). Accordingly, there is a rebuttable presumption "that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community." 18 U.S.C. § 3142(e)(3)(C).

3.  In a rebuttable presumption case, the defendant has the "burden of production . . . to rebut that presumption by coming forward with evidence he does not pose a danger to the community or a risk of flight." *United States v. Abad*, 350 F.3d 793, 797 (8th Cir. 2003) (quoting *United States v. Mercedes*, 254 F.3d 433, 436 (2d Cir. 2001)). Here, the defendant has come forward with rebuttal evidence—for example, the lack of any prior criminal history. However, "the presumption favoring detention does not disappear entirely, but remains a factor to be considered among those weighed by the district court." *Id*.

4.  In determining if release conditions exist that will reasonably assure the appearance of a defendant at trial and the safety of the community, the Court considers the following: (1) the nature and circumstances of the crime; (2) the weight of the

evidence against the defendant; (3) the history and characteristics of the defendant, including mental condition, family ties, employment, community ties, and past conduct; and (4) the seriousness of the danger to the community or to an individual. *See* 18 U.S.C. § 3142(g).

5.     The Court has considered these factors, the facts in the affidavit attached to the complaint, the testimony, and the proffer concerning the defendant's attempt to travel overseas using a forged passport, the defendant's knowledge of the ways in which young men surreptitiously travel from Minnesota to Syria to join and fight with ISIL, and the defendant's alternate plan after dropping from the automobile trip to San Diego. After considering the factors set forth at Title 18, United States Code, Section 3142(g), the Court finds by a preponderance of the evidence, that no condition or combination of conditions will reasonably assure the defendant's appearance at future court appearances if the defendant were released pending trial.

6.     Based on the facts in the affidavit attached to the complaint, the testimony, and the proffer describing Abdi Nur's recruitment for ISIL of young men from Minnesota from his current location in Syria, and based on ISIL's designation by the Secretary of State, continuously since October of 2004, as a Foreign Terrorist Organization, the Court finds by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of any person or the community if the defendant were released pending trial.

For the foregoing reasons, IT IS HEREBY ORDERED THAT:

1.  The motion of the United States for detention pending trial is GRANTED;

2.  The defendant is committed to the custody of the Attorney General for confinement in a correctional facility separate, to the extent possible, from persons awaiting or serving sentences or being held in custody pending appeal;

3.  The defendant shall be provided reasonable opportunities to consult privately with his lawyer; and

4.  Upon order of the Court or request of the United States Attorney, the person in charge of the correctional facility in which the defendant is confined shall deliver the defendant to the United States Marshal for the purpose of appearance in connection with future court proceedings.

Dated: April 30, 2015                    *s/ Becky R. Thorson*
                                          Becky R. Thorson
                                          UNITED STATES MAGISTRATE JUDGE