Prob 12 (Rev. 11/1/2004)

# United States District Court

for the

DISTRICT OF MINNESOTA

United States v. Adnan Abdihamid Farah

Docket No. 0864 0:15CR00049-003(MJD)

Petition on Supervised Release

  COMES NOW **Brian S. James**, U.S. PROBATION OFFICER OF THE COURT, presenting an official report upon the conduct and attitude of **Adnan Abdihamid Farah** who was sentenced for Conspiracy to Provide Material Support to a Designated Foreign Terrorist Organization on November 15, 2016, by the Michael J. Davis, who fixed the period of supervision at 20 years supervised release, and imposed the general terms and conditions theretofore adopted by the Court and also imposed special conditions and terms as follows:

- Submit to searches
- Computer/Internet restrictions
- Financial disclosure
- Mental Health Counseling/Treatment/Medication
- Residential reentry center
- Location monitoring with home detention
- Employment required
- Restrict extremist or terrorist material
- Polygraph Testing
- Surrender Passport
- Reduce Home Detention to Curfew (August 24, 2024)
- Additional 90 days location monitoring with curfew (November 1, 2024)

RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:

  SPECIAL CONDITION: The defendant shall not possess or use a computer or have access to any on-line service without the prior approval of the U.S. Probation and Pretrial Services Office. The defendant's cooperation shall include but not be limited to allowing installation of a computer and Internet monitoring program and/or identifying computer systems, Internet-capable devices, and similar memory and electronic devices to which the defendant has access. Monitoring may include random examinations of computer systems along with Internet, electronic, and media storage devices under the defendant's control. The computer system or devices may be removed for a more thorough examination, if necessary. The defendant shall contribute to the cost of such monitoring services, based on the defendant's ability to pay, as deemed appropriate by the U.S. Probation Office and Pretrial Services Office.

On March 6, 2025, the defendant was found to be in possession of an unauthorized smartphone. The defendant had access to the device, as he demonstrated to know the device password. It was later determined, in subsequent examination, that he had used the device for an extended period of time. The device contained accounts for sites,

applications, and accounts that have not been authorized and had been restricted by the rules of internet monitoring.

> STANDARD CONDITION: You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so.

The defendant has failed to provide verification of employment as directed by probation.

> STANDARD CONDITION: You must follow the instructions of the probation officer related to the conditions of supervision.

The defendant failed to provide information regarding internet capable devices in his home as requested by probation on multiple occasions.

At the conclusion of the defendant's term of location monitoring, February 18, 2025, he was directed to cut off his bracelet, save all the pieces, and bring them to probation the following week. The defendant failed to bring the device into probation as directed. At a home visit March 6, 2025, the defendant reported that he did not save the device, but threw it in the trash. The defendant had previously been notified that this equipment was expensive, and he would be financially responsible for it should it become damaged, lost or stolen.

> STANDARD CONDITION: After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.

The defendant agreed to report to probation February 26, 2025, but failed to do so. The defendant subsequently failed to reschedule this appointment as requested.

> STANARD CONDITION: You must answer truthfully the questions asked by your probation officer.

On March 6, 2025, the defendant initially stated that a device found in a vehicle he was driving was not his. He denied knowing the passcode.

> MANDATORY CONDITION: You must not commit another federal, state or local crime.

On March 6, 2025, the defendant was observed driving a vehicle. The defendant did not have a valid driver's license.

PRAYING THAT THE COURT WILL ORDER that a warrant be issued and the defendant be brought before the Court to show cause why supervision should not be revoked.

[The rationale for a warrant is contained in Section 5 of the violation report.]

ORDER OF THE COURT

Considered and ordered this __7th__ day of __March 2025__, and ordered filed and made a part of the records in the above case.

s/Michael J. Davis
Michael J. Davis
Senior U.S. District Judge

I declare under penalty of perjury that the foregoing is true and correct.

s/ Brian James
Brian S. James
Senior U.S. Probation Officer
Telephone: 612-664-5364

Executed on   March 7, 2025
Place         Minneapolis

Approved:

s/ *Dawn Arenz*

Dawn Arenz
Supervisory U.S. Probation Officer